IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01356-DME-KLM

NICK SMITH-BEY,

    Plaintiff,

v.

WARDEN REID,
CASE MANAGER MURPHY,
CLASSIFICATION SPECIALIST OWENS,
CASE MANAGER GLIDEWELL, and
SEGREGATION SUPERVISOR LT. TROXELL,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery** [Docket No. 26; Filed November 17, 2008] (the "Motion"). The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Plaintiff has not filed a response to the Motion.

Defendants seek a stay of the proceedings against them, pending resolution of their Motion to Dismiss [Docket No. 22; Filed October 27, 2008]. As grounds, Defendants argue that they have raised the defense of qualified immunity in the Motion to Dismiss, and that all discovery should be stayed until the Court makes a legal determination on Defendants' entitlement to qualified immunity. *Motion* [#26] at 2-3.

The Supreme Court has emphasized the broad protection absolute and qualified

1

immunity afford, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). As such, courts should resolve the purely legal question raised by an immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001).

Although a stay of discovery is generally disfavored in this district, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26 (c). *See, e.g., String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is generally appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court must first balance Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but this interest is offset by Defendants'

burden. Here, Defendants have filed a Motion to Dismiss [#22] the claims against them, in part, on the grounds of qualified immunity. Courts have routinely held that discovery should be stayed while issues of immunity are being resolved. *See generally Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Weise v. Caspar*, 507 F.3d 1260, 1263-64 (10th Cir. 2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff of a stay is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the Motion to Dismiss is pending. The Court also notes that the remaining *String Cheese* factors, i.e., the Court's efficiency, and interests of non-parties and the public in general, do not outweigh the burden on Defendants here given their pending immunity defense. *See String Cheese*, 2006 WL 894955, at *2.

Based on the foregoing, I find that Defendants should not be subjected to suit until the immunity issues are resolved. Accordingly, I find that a stay of the proceedings against Defendants in this case is appropriate. *See Pet Milk Co. v. Ritter,* 323 F.3d 586, 587 (10th Cir.1963) ("the district court has the inherent power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants' ") (quoting *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

Accordingly, IT IS HEREBY **ORDERED** that Defendants' **Motion to Stay Discovery** [Docket No. 26; Filed November 17, 2008] is **GRANTED**. Discovery in this case

is stayed until such time as the Court rules on the pending Motion to Dismiss [#22].

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: December 11, 2008