IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01356-DME-KLM

NICK SMITH-BEY,

       Plaintiff,

v.

WARREN REID,
CASE MANAGER MURPHY,
CLASSIFICATION SPECIALIST OWENS;
CASE MANAGER GLIDEWELL, and
SEGREGATION SUPERVISOR LT. TROXELL [sic],

       Defendants.

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE AND OVERRULING OBJECTIONS**

       This matter is before the Court upon Defendants' Motion to Dismiss (Dkt. #22), Magistrate Judge Mix's Report and Recommendation (Dkt. #36) on that motion, and Plaintiff's objections (Dkt. #37) to the Report and Recommendation. Magistrate Judge Mix recommended that both of Nick Smith-Bey ("Smith-Bey")'s claims, brought pursuant to 42 U.S.C. § 1983 and alleging violations of his rights under Fourteenth and Eighth Amendments, be dismissed for failure to state a claim upon which relief can be granted. Smith-Bey objected to the magistrate's recommendations as to each claim. Having made "a <u>de novo</u> determination of those portions of the report . . . [and] recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C), and for the

reasons that follow, the Court overrules Smith-Bey's objections and adopts Magistrate Judge Mix's Report and Recommendation in full.

I.      **Background**

Invoking this Court's jurisdiction under 28 U.S.C. § 1343 and proceeding in forma pauperis, Smith-Bey filed his pro se § 1983 complaint on June 27, 2008, alleging violations of his rights under the Fourteenth and Eighth Amendments.

More specifically, Smith-Bey alleged, first, that on January 10, 2006, while he was incarcerated at the Centennial, Colorado, Correctional Facility ("CCF"), he was placed in "Ad Seg" (administrative segregation) lockdown for eighty-seven days,[1] during which his privileges were "severely restricted." (Dkt. # 3 at 5.) Those restricted privileges included Smith-Bey's use of the telephone, library, yard, and gym, as well as his ability to order food from the CCF canteen. (Id.) Smith-Bey alleged that this punishment was imposed in the absence of a "recognizable" quasi-judicial proceeding, and as a result of a Code of Penal Discipline "conviction" that was later expunged from his record. (Id.) Smith-Bey further alleged that Defendant Murphy "implemented these restrictions personally," and that Defendants Owens and Reid authorized and approved the restrictions. (Id.)

---

[1]This section of the complaint also alleges that Smith-Bey was subjected to only forty-four days of lost privileges. (Dkt. #3 at 5.) However, because Smith-Bey's Eighth Amendment claim involves a sixteen-day period within the longer period of administrative segregation (as well as a second sixteen-day period), and because the disposition of his Fourteenth Amendment claim would be the same whether the administrative segregation lasted for eighty-seven or forty-four days, this contradiction is irrelevant to the Court's analysis of those claims.

According to the complaint, this conduct by Defendants violated Smith-Bey's right to procedural due process under the Fourteenth Amendment.

Smith-Bey alleged, second, that for two sixteen-day periods–the first beginning on October 17, 2005, when he arrived at CCF, and the second beginning on January 10, 2006, when he was placed in administrative segregation–he was deprived of soap, toothpaste, a change of clothes, a change of underwear, and possession of "any of [his] property." (Id. at 6.) He further alleged that Defendants Glidewell, Troxel, and Reid "were directly responsible for [his] not having access to hyg[iene] items" during these sixteen-day periods. (Id.) According to the complaint, this conduct by Defendants violated Smith-Bey's Eighth Amendment right to be free from cruel and unusual punishment. (Id.)

Smith-Bey sought $17 million in damages. (Id. at 9.)

On October 27, 2008, Defendants Reid, Murphy, Owens, and Glidewell filed their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] Defendants made five arguments in support of this motion: (1) that Smith-Bey's claims are barred by Colorado's two-year statute of limitations, Colo. Rev. Stat. Ann. § 13-80-102, for civil rights claims brought under § 1983; (2) that Smith-Bey's complaint failed to state a claim for a procedural due process violation, because Smith-Bey has no protected liberty interest in not being placed in administrative segregation; (3) that Smith-Bey's complaint failed to state a claim for an Eighth Amendment violation, because it did not allege that

---

[2]The Motion to Dismiss was not made on behalf of Shawna Troxel-Kulp, who is no longer employed by the Colorado Department of Corrections. (Dkt. #22 at 1 n.1.)

the deprivation of hygiene items caused Smith-Bey serious (or any) harm; (4) that Smith-Bey's claim for damages is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), because Smith-Bey did not allege that he suffered any physical injury; and (5) that Defendants are entitled to qualified immunity.

As to Defendants' first argument, the Report and Recommendation concluded that it is not patently clear from the face of Smith-Bey's complaint whether the statute of limitations should be equitably tolled for the period during which Smith-Bey argues that he was pursuing administrative remedies. (Dkt. # 36 at 6-7; <u>see also</u> Dkt. #34 (Surreply) at 3.) Because a statute of limitations defense may be dispositive on a motion to dismiss only when the defense's applicability "is apparent on the face of the complaint," <u>Dummar v. Lummis</u>, 543 F.3d 614, 619 (10th Cir. 2008), Judge Mix recommended that the complaint not be dismissed on this ground. (Dkt. #36 at 7.) Neither party objected to this recommendation.

As to Defendants' second argument, the Report and Recommendation concluded that because the complaint failed to allege that Smith-Bey had a protected liberty interest in not being placed in administrative segregation, the complaint fails to state a claim for violation of a right to procedural due process. (<u>Id.</u> at 7-11.) Therefore, Magistrate Judge Mix recommended that the motion to dismiss be granted as to Smith-Bey's Fourteenth Amendment claim. (<u>Id.</u> at 11.) Smith-Bey timely filed his objection to this portion of the Report and Recommendation. (Dkt. #37 at 2-3.)

As to Defendants' third argument, the Report and Recommendation concluded that because the complaint did not allege any injury–nor any "risk whatsoever"–resulting from Smith-Bey's deprivation of hygiene products and a change of clothing and underwear for two periods of sixteen days, the complaint fails to state a conditions-of-confinement claim under the Eighth Amendment. (Dkt. #36 at 11-14.) Magistrate Judge Mix thus recommended that Defendants' motion to dismiss be granted as to Smith-Bey's Eighth Amendment claim. (Id. at 14.) Smith-Bey timely filed his objection to this portion of the Report and Recommendation. (Dkt. #37 at 4.)

The Report and Recommendation did not address Defendants' fourth or fifth arguments.

II. **Standard of review**

A. Report and Recommendation

This Court must "make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). After its de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 6636(b)(1)(C).

In reviewing the portion of the Report and Recommendation to which neither party has objected, this Court may apply, in its "considerable discretion," "any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167-68 (10th Cir. 1991). Indeed, the Supreme Court has explained that "[i]t does not appear that Congress intended to

require district court review of a magistrate's factual or legal conclusions, under a <u>de novo</u> or any other standard, when neither party objects to those findings." <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985).

    B.    <u>Motion to dismiss pursuant to Rule 12(b)(6)</u>

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must "accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." <u>Nelson v. State Farm Mut. Auto. Ins. Co.</u>, 419 F.3d 1117, 1119 (10th Cir. 2005) (quotation omitted). Here, the nonmoving party is Smith-Bey. This Court will dismiss a complaint under Rule 12(b)(6) "only if the complaint lacks 'enough facts to state a claim to relief that is plausible on its face.'" <u>Van Zanen v. Qwest Wireless, L.L.C.</u>, 522 F.3d 1127, 1129-30 (10th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A plausible claim will "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." <u>Lane v. Simon</u>, 495 F.3d 1182, 1186 (10th Cir. 2007).

Because Smith-Bey is proceeding <u>pro se</u>, this Court construes his pleadings liberally. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). However, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." <u>Id.</u> at 1110.

III.    **Discussion**

A.     Statute of limitations defense

Because neither party objected to Magistrate Judge Mix's recommendation on this issue, the Court may review this portion of the Report and Recommendation under any standard it deems appropriate, Summers, 927 F.2d at 1167-68, or may decline to review it altogether, Thomas, 474 U.S. at 150.

The Court agrees with the Report and Recommendation's thorough analysis of Defendants' argument that Smith-Bey's claims are barred by Colorado's two-year statute of limitations, Colo. Rev. Stat. Ann. § 13-80-102, for civil rights claims brought under § 1983. Therefore, the Court adopts section III.A. of the Report and Recommendation, and declines to grant Defendants' motion to dismiss on the basis of the statute of limitations.

B.     Procedural due process claim

Construed liberally, Smith-Bey's complaint alleges procedural due process violations based on (1) his placement in administrative segregation, with its attendant restriction of his privileges, in the absence of a hearing; and (2) deprivation of his private property (his television) while he was in administrative segregation, again in the absence of a hearing. (Dkt. #3 at 5.) As to both of these claims, Smith-Bey argues that Colorado created protected liberty interests through CCF's administrative regulations and the state's Code of Penal Discipline. (Dkt. #24 at 3.)

1.     *Elements of a procedural due process claim*

To make out a claim for a violation of procedural due process, a plaintiff must successfully allege two elements: "that he possessed a constitutionally protected liberty or property interest such that . . . due process protections were applicable, and that he was not afforded an appropriate level of process." Couture v. Bd. of Educ. of Albuquerque Pub. Schs., 535 F.3d 1243, 1256 (10th Cir. 2008) (quotations omitted).

First, then, Smith-Bey must allege facts sufficient to make a plausible claim that a liberty or property interest protected by procedural due process is at stake in this case. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Protected liberty interests may arise in two ways: first, "from the Constitution itself, by reason of guarantees implicit in the word 'liberty'"; and second, "from an expectation or interest created by state laws or policies." Id.

a. Prisoners' state-created liberty interests

"[T]he Constitution itself does not give rise to a liberty interest in [prisoners'] avoiding transfer to more adverse conditions of confinement." Id. However, "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in Sandin v. Conner, 515 U.S. 472 (1995)." Id. at 222 (emphasis added; citation omitted). Those limitations dictate that state-created liberty interests in prisoners "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." Sandin, 515 U.S. at 484 (emphasis added). Therefore, "the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." Wilkinson, 545 U.S. at 223 (quotation omitted).

        b.      Prisoners' property interests

"It is well-settled that while an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison." Searcy v. Simmons, 299 F.3d 1220, 1229 (10th Cir. 2002) (quotation omitted). Furthermore, prison regulations governing what prisoners may possess in their cells create a protected liberty or property interest only if the deprivation of that interest meets the Sandin test, imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Cosco v. Uphoff, 195 F.3d 1221, 1222-24 (10th Cir. 1999) (per curiam).

      2.      *Smith-Bey's failure to identify a protected liberty or property interest*

        a.      Interest in avoiding placement in administrative segregation

Testing Smith-Bey's administrative segregation by the standards of Sandin v. Conner, the Court must determine whether that segregation "imposed atypical and significant hardship on [Smith-Bey] in relation to the ordinary incidents of prison life." 515 U.S. at 484. In seeking to identify the appropriate "baseline from which to measure

what is atypical and significant in any particular prison system," as the Supreme Court required in Wilkinson, the Tenth Circuit recently explained that courts evaluating a prisoner's placement in administrative segregation should "look at a few key factors, none dispositive." Estate of Dimarco v. Wyo. Dep't of Corrs., 473 F.3d 1334, 1340-42 (10th Cir. 2007). Those "relevant factors might include" the following: (1) whether the segregation "relates to and furthers a legitimate penological interest"; (2) whether the conditions of the segregation "are extreme"; (3) whether placement in administrative segregation "increases the duration of confinement"; and (4) whether the placement "is indeterminate" in length. Id. at 1342.

Here, Smith-Bey alleges that during his eighty-seven days in "lockdown," he lost use of the telephone, library, yard, and gym, he was disallowed possession of his television, and he could not order food from the canteen. (Dkt. #3 at 5.) The complaint further indicates that Smith-Bey was placed in administrative segregation after he was "convicted" of "advocating [or] creating a facility disruption and damage to property," and that this "conviction" was later expunged from his record. Id.

Reading the complaint in the context of Sandin, Wilkinson, and Dimarco, this Court concludes that Smith-Bey has not alleged facts plausibly establishing that he had a protected liberty interest in avoiding placement in administrative segregation. First, because it was imposed in response to Smith-Bey's being found responsible for advocating or creating a facility disruption and damage to property, the placement clearly related to and furthered a legitimate penological interest. Second, Smith-Bey's temporary

loss of use of the telephone, library, yard, gym, and television, and his inability to order food from the canteen, are far from "extreme" conditions in relation to the ordinary incidents of prison life. Finally, Smith-Bey has alleged neither that his placement in administrative segregation increased the overall duration of his confinement, nor that it was of indeterminate length.

In short, Smith-Bey's time in "lockdown" simply did not impose upon him any atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, he did not have a protected liberty interest in not being placed in administrative segregation.

b. Interest in possession of his television

Smith-Bey has not alleged that Defendants deprived him of ownership of his television, but rather argues that his procedural due process rights were violated when he was not permitted possession of his television while he was in administrative segregation. Prison regulations governing what prisoners may possess in their cells create a protected liberty or property interest only if the deprivation of that interest meets the <u>Sandin</u> test. <u>See</u> <u>Cosco</u>, 195 F.3d at 1222-24. Smith-Bey's temporary inability to watch his television constituted neither an atypical nor a significant hardship in relation to the ordinary incidents of prison life. Therefore, he did not have a protected liberty or property interest in possession of his television within his cell during his period of administrative segregation.

3. *Conclusion as to Smith-Bey's Fourteenth Amendment claim*

For the foregoing reasons, the Court concludes that Smith-Bey failed to allege sufficient facts to make out a plausible claim that he had a liberty or property interest protected by the Due Process Clause.  Therefore, the Court adopts section III.B.1. of the Report and Recommendation, and DISMISSES WITH PREJUDICE Smith-Bey's procedural due process claim for failure to state a claim upon which relief may be granted.

### C. Conditions of confinement claim

#### 1. *Elements of a conditions of confinement claim*

"[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, the prison official "must have a sufficiently culpable state of mind," which means that the official may not be "found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 834, 837 (quotation omitted).  The requirement that a prison official "know[] of and disregard[] an excessive risk to inmate health or safety" logically dictates that a "deprivation of [necessities] without any corresponding injury would not state an Eighth Amendment violation." Whittington v. Ortiz, 472 F.3d 804, 808 (10th Cir. 2007).

#### 2. *Smith-Bey's failure to allege injury resulting from deprivation of hygiene products and changes of clothing*

Smith-Bey alleges that for two sixteen-day periods, the first beginning on October 17, 2005, when he arrived at CCF, and the second beginning on January 10, 2006, when he was placed in administrative segregation, he was denied a change of clothes, a change of underwear, and soap and toothpaste. (Dkt. #3 at 6.) As a result, Smith-Bey alleges, he had no "means to keep up [his] hygiene" for those sixteen-day periods. (Id.) The complaint further alleges that Smith-Bey brought this deprivation to the attention of Defendants, but that they gave him no relief for sixteen days. (Id.)

Smith-Bey's complaint fails to state an Eighth Amendment claim because it does not allege that he suffered any injury–nor any risk of injury–as a result of this deprivation. See Farmer v. Brennan, 511 U.S. at 837; Whittington, 472 F.3d at 808 (contrasting "[a] deprivation of hygiene items without any corresponding injury," which "would not state an Eighth Amendment violation," with a "claim that prison officials' refusal to provide hygiene items caus[ed plaintiff's] gums to bleed and recede[,] and tooth decay," which does "state[] a claim for violation of the Eighth Amendment") (emphasis added).

        3.    *Conclusion as to Smith-Bey's Eighth Amendment claim*

For the foregoing reasons, the Court concludes that Smith-Bey failed to allege sufficient facts to make out a plausible conditions-of-confinement claim under the Eighth Amendment. Therefore, the Court adopts section III.B.2. of the Report and Recommendation, and DISMISSES WITH PREJUDICE Smith-Bey's Eighth Amendment claim for failure to state a claim upon which relief may be granted.

IV.    **Conclusion**

Having made "a de novo determination of those portions of the report . . . [and] recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C), the Court OVERRULES Smith-Bey's objections and ADOPTS Magistrate Judge Mix's Report and Recommendation IN FULL.  Pursuant to Fed. R. Civ. P. 12(b)(6), it is hereby

ORDERED that Smith-Bey's Fourteenth Amendment claim and Eighth Amendment claim against Defendants Reid, Murphy, Owens, and Glidewell are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted;

ORDERED that Smith-Bey's action against Defendants Reid, Murphy, Owens, and Glidewell is DISMISSED WITH PREJUDICE in its entirety;

ORDERED that JUDGMENT SHALL ENTER on behalf of Defendants Reid, Murphy, Owens, and Glidewell; and

ORDERED that PLAINTIFF SHALL SHOW CAUSE, by way of a written response filed with this Court no later than March 27, 2009, why this Court should not dismiss this action against Defendant Troxel for failure to effect service within 120 days after the complaint was filed, as required by Fed. R. Civ. P. 4(m).

The Clerk of the Court is directed to mail a copy of this Order to Smith-Bey by certified mail, return receipt requested, to the last address provided by Smith-Bey to this Court.

DATED at Denver, Colorado, this 13th day of March, 2009.

                    BY THE COURT:

                    *s/ David M. Ebel*
                    _____
                    David M. Ebel
                    United States Circuit Judge